

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kenneth M. Spungen as Trustee of the Norma F. Spungen Descendants Insurance Trust dated December 13, 2000, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 06 C 5974 |
| v. | ) ) | The Honorable William J. Hibbler |
| David S. Forman, Alan Gottlob, Private Consulting Group, Inc. and Vorhees Insurance Services. Inc. | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On November 2, 2006, Plaintiff Kenneth M. Spungen ("Spungen") filed a five-count complaint against Defendants David S. Forman ("Forman"), Alan Gottlob ("Gottlob"), Private Consulting Group, Inc. ("PCG"), and Vorhees Insurance Services, Inc. ("Vorhees"). On December 30, 2006, Defendants filed a motion to dismiss the complaint pursuant to *Fed. R. Civ. P. 12(b)(6)*. For the reasons stated herein, Defendants' motion to dismiss is GRANTED in part and DENIED in Part.

### I. Factual Background

In resolving a motion to dismiss, the Court takes as true the following facts from Plaintiff's complaint. Plaintiff Spungen serves as trustee of the Norma F. Spungen Insurance Trust ("Trust") pursuant to a trust agreement between Norma F. Spungen as Grantor and Kenneth M. Spungen as Trustee.

I

In 1997, Spungen retained Forman, PCG Senior Managing Director, and Gottlob, PCG Managing Director, who were financial planners specializing in estate planning matters, to assist in his estate planning and several other personal financial matters. In particular, Forman and Gottlob assisted the Spungens with drafting of their personal wills and the creation of various trusts and powers of attorney. Throughout the course of their business relationship from 1997 through 2000, Forman and Gottlob met with Spungen in Illinois to discuss his estate planning. Forman and Gottlob billed Spungen on a monthly basis for their services.

In December 2000, Forman and Gottlob suggested that Spungen and Norma Spungen purchase a life insurance policy ("Policy") for Norma Spungen. Forman and Gottlob recommended that Norma Spungen create a Trust and appoint Spungen as the Trustee, to purchase the life insurance policy. On December 19, 2000, Spungen, as Trustee, purchased a $5,000,000 life insurance policy from American General Life Insurance Company through Forman and Gottlob. Forman and Gottlob were listed as the "servicing agents" on the life insurance application and received 50% of the commission from the sale of the life insurance policy. During 2000 and 2001, the Trust paid premiums on the life insurance policy totaling $501,400 after being invoiced by PCG.

During 2004, Spungen discussed with Forman and Gottlob whether the Trust should continue paying additional premiums on the insurance policy. Forman and Gottlob advised Spungen to sell they policy and offered to assist Spungen in selling the policy for the Trust. In turn, Spungen instructed Forman and PCG to proceed with the sell of the Policy. Forman and Gottlob requested that Norma Spungen sign documentation to assist them with selling of the life insurance policy.

Spungen claims that in March 2006, two of his sons allegedly received an anonymous letter stating that Forman, Gottlob, PCG, and Vorhees sold the insurance policy to Coventry First, LLC ("Coventry First") for approximately $900,000 and an unknown commission. The letter further stated that Forman and Gottlob purposefully tricked Spungen into transferring the policy to them for their personal financial gain. Particularly, the letter set forth that after Spungen transferred the policy, Forman and Gottlob transferred the policy to Vorhees, which was owned by Forman, and then Vorhees sold the policy to Coventry First. According to Spungen, Forman, Gottlob, and PCG failed to inform him of the sale of the insurance policy to Coventry First. Additionally, Forman, Gottlob, PCG, and Vorhees retained all of the proceeds from the sale, despite the fact that all parties agreed that the sale of the insurance policy was for the benefit of the Trust. Indeed, Spungen further claims that Forman and Gottlob forged a document in which Spungen purportedly agreed to transfer ownership of the insurance policy from the Trust to Forman and Gottlob.

Upon inquiry by the Spungen family regarding the allegations contained in the letter, Forman stated, despite his advice to the contrary, that Spungen had voluntary transferred the Trust's ownership rights to the insurance policy because Spungen no longer wanted to pay the premium on the policy. Forman also forwarded a letter, purportedly signed by Spungen, in which Spungen agreed to transfer the policy to Forman and Gottlob and allowing them to pay the upcoming premium on the policy. Further, Spungen obtained a copy of an "Insured's Authorization to Release Medical Records and Special Irrevocable Durable Power of Attorney" from Coventry First which provided a power of attorney to Coventry First to act on behalf of Norma Spungen.

## II. Standard of Review

Motions to dismiss under *Rule 12(b)(6)* test the sufficiency of the complaint rather than the merits of the case. *Midwest Gas. Serv. v. Indiana Gas Co.,* 317 F.3d 703, 714 (7th Cir. 2003). In reviewing a motion to dismiss, a court construes all allegations in the complaint in the light most favorable to the plaintiff, taking all well-pleaded facts and allegations within the complaint as true. *Albany Bank & Trust Co. v. Exxon Mobil Corp.,* 310 F.3d 969, 971 (7th Cir. 2002); *Stachon v. United Consumers Club, Inc.,* 229 F.3d 673, 675 (7th Cir. 2000). The moving party bears the burden of showing beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). A complaint is not required to allege all or any of the facts logically entailed by the claim. *Bennet v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998).

Fed. R. Civ. Pro. 9(b) provides an exception to these liberal pleadings requirements when a claim alleges fraud. *GE Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1078 (7th Cir. 1997). Rule 9(b) requires that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Id.*

## III. Analysis

### A.    Preliminary Issue

Generally, consideration of matters outside the pleadings is improper without conversion of a 12(b)(6) motion into a motion for summary judgment. *188 LLC v. Trinity Industries, Inc.,* 300 F.3d 730, 735 (7th Cir. 2002). In this matter, all parties ask the Court to consider additional documents, not attached to the complaint, in deciding this motion. The Court declines to do so, as the documents we are asked to consider are related to plaintiff's claim, but not, as a contract

might be, central to that claim. *See Rosenblum v. Travelbyus.com Ltd.,* 299 F.3d 657, 661-62 (7th Cir. 2002)(discussing the "narrow exception" permitting, but not requiring, consideration of documents central to plaintiff's claim in a motion to dismiss.) Consequently, this Court will not take these documents into consideration during its determination of the instant motion to dismiss.

**B.    Fraud**

The Defendant argues that Spungen's pleadings fail to meet the level of specificity required under *Fed. R. Civ. P. Rule 9(b)*. *Fed. R. Civ. P. Rule 9(b)* requires that a plaintiff must plead the identity of the person making the misrepresentation and the time, place, and content of the misrepresentation and the method by which the misrepresentation was communicated. *Uni\*Quality, Inc. v. Infotronx, Inc.* 974 F.2d 918, 923 (7th Cir. 1992). Put simply, a plaintiff must plead with specificity the who, what, where, and when of the alleged fraud. *Stanley v. Intl. Amateur Athletic Fedn.,* 244 F.3d 580, 597 (7th Cir. 2001).

Plaintiff's Complaint generally alleges that in 2004 Forman, Gottlob, PCG, and Vorhees knowingly misrepresented that they would sell the life insurance policy for the benefit of the Trust, with the proceeds of the sale going to the Trust. Further, the Complaint charges that Defendants concealed its actions. The Complaint further sets forth that in a meeting at the end of 2004, Forman and Gottlob advised Spungen to sell the life insurance policy and stated they would assist him in the sale of the policy for the benefit of the Trust. In a case involving multiple defendants, such as the one before us, the complaint should inform each defendant of the nature of his alleged participation in the fraud. Here, while Plaintiff fails to specifically attribute the alleged misrepresentations made by Forman and Gottlab, Plaintiff alleges sufficient facts regarding the circumstances in which Forman and Gottlob made these misrepresentations in

5

order to constitute common law fraud. Accordingly, Defendants' motion to dismiss this claim is denied.

**B.     Breach of Fiduciary Duty**

Under Illinois law, a plaintiff may recover for breach of fiduciary duty where: (1) a fiduciary duty exists on defendant's part; (2) the defendant breached that fiduciary duty; and (3) damages proximately resulted from the breach. *Lucini Italia Co. v. Grappolini*, 231 F. Supp.2d 764, 770 (N.D. Ill. 2002). Defendants argue that the Court should dismiss this claim because Plaintiff failed to demonstrate that Forman and Gottlob had a fiduciary duty to Spungen after the purchase of the insurance policy on December 19, 2000 or after the insurance policy was scheduled to lapse.

Pursuant to Illinois law, fiduciary relationships can arise in two different ways. *Burdett v. Miller*, 957 F.2d 1375, 1381 (7th Cir. 1992); *Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.*, 376 F.3d 664, 672 (7th Cir. 2004); *In re Estate of Long*, 311 Ill. App. 3d 959, 963, 726 N.E.2d 187, 244 Ill. Dec. 591 (2000). First, particular relationships, such as a principal-agent relationship, can create a fiduciary duty as a matter of law. *Sphere Drake Ins. Ltd.*, 376 F.3d at 672; *Crichton v. Golden Rule Ins. Co.*, 358 Ill. App. 3d 1137, 1149, 832 N.E.2d 843, 295 Ill. Dec. 393 (2005). Second, a fiduciary duty can arise due to a special relationship between the parties, where one party holds the other in a place of trust, thereby placing the latter in a position of influence and superiority over the former. *Burdett*, 957 F.2d at 1381; *Martin v. State Farm Mut. Auto. Ins. Co.*, 348 Ill. App. 3d 846, 850, 808 N.E.2d 47, 283 Ill. Dec. 497(2004). Illinois law makes clear that in an ordinary business transaction, each party protects their own interests and no fiduciary duty exists between the two parties. *Pommier v. Peoples Bank Marycrest*, 967

6

F.2d 1115, 1119 (7th Cir.1992); *Ransom v. A.B. Dick Co.*, 289 Ill. App. 3d 663, 672, 682 N.E.2d 314, 224 Ill. Dec. 753 (1997). Plaintiff's Complaint alleges that Spungen held Forman, Gottlob, and PCG in a place of trust. Additionally, the Complaint charges that Defendants were financial planners specializing in estate planning, business succession, and transition issues. Accordingly, Plaintiff has placed Defendants on notice of his claim regarding an alleged fiduciary duty.

Moreover, Defendant PCG Oregon argues that Defendants Gottlob and Forman did not have actual or apparent authority to sell the life insurance policy on behalf of PCG. In its Complaint, Spungen alleges facts supporting the existence of a principle-agent relationship between PCG and Gottlob and Forman. Further, Spungen's Complaint alleges that Gottlob, Forman, PCG, and Vorhees breached a fiduciary duty owed to Plaintiff by allegedly misappropriating funds. Pursuant to Illinois law, a principal-agent relationship can create a fiduciary duty as a matter of law. At this stage of the proceedings, Plaintiff is only required to set forth sufficient facts to place the defendant on notice of the claims; he is not required to prove his case.

Lastly, Defendants also argue that the Illinois Insurance Placement Liability Act, 735 ILCS 5/2-3301(b) precludes the existence of a fiduciary relationship between Plaintiff and Defendants. The IPLA provides, in relevant part:

> No cause of action brought by any person or entity against any insurance producer, registered firm, or limited insurance representative concerning the sale, placement, procurement, renewal, binding, cancellation of, or failure to procure any policy of insurance shall subject the insurance producer, registered firm, or limited insurance representative to civil liability under standards governing the conduct of a fiduciary or a fiduciary relationship except when the conduct upon which the cause of action is based involves the wrongful retention or misappropriation by the insurance

> producer, registered firm, or limited insurance representative of any
> money that was received as premiums, as a premium deposit, or as
> payment of a claim.

*Id.* Plaintiff alleges that the IPLA is not implicated because his cause of action is related to Defendants' actions with regard to the resale of the insurance policy. Upon review, the Court finds nothing precluding Plaintiff's action. Further, a fact specific inquiry into whether Defendants' owed a fiduciary duty to Spungen is an inquiry better suited for summary judgment. *See Vanguard Fin. Serv. Corp. V. RW Prof. Leasing Serv.*, 1998 U.S. Dist. Lexis 17449 *9 (N.D. Ill October 23, 1998). Accordingly, Defendants' motion to dismiss Plaintiff's breach of fiduciary duty claim is denied.

## C. Breach of Oral Contract

First, Defendants contend that Spungen failed to adequately plead the material terms of the alleged oral contract. As explained above, at this stage of the proceedings, plaintiff is only required to set forth sufficient facts to place the defendant on notice of the claims, he is not required to prove his case. Spungen alleges that an agreement was entered into between the Trust, Forman, Gottlob, PCG, and Vorhees under which Defendants agreed to assist in the sale of the life insurance policy. The Complaint also alleges that Plaintiff fulfilled its obligations under this oral agreement; however, Defendants failed to remit any funds from the sale of the policy in contravention to their contract. Lastly, the Complaint contends that Defendants failure to remit payment is a breach of their agreement. Thus, Spungen identifies a contractual relationship and argues that Defendants' action is a breach of that relationship. Because it does not appear beyond all doubt that Plaintiff cannot prove a set of facts to support its claim in Count IV, the Court cannot dismiss the claim. Reviewing the facts and all reasonable inferences in the light most

8

favorable to Plaintiff, Plaintiff has sufficiently plead its allegations providing notice, and additional facts, supporting its claim as to the Defendants.

Next, Defendants argue that Plaintiff's breach of contract claim is precluded pursuant to the Illinois Statute of Frauds. Under Illinois law, the "statute of frauds precludes enforcement of a services contract that cannot be performed within a year 'unless the promise or agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith.'" *Fischer v. First Chicago Capital Markets, Inc.*, 195 F.3d 279, 283 (7th Cir. 1999); 740 ILCS 80/1. Any agreement that is capable of being performed within a year, falls outside the reach of the statute of frauds. *Lamaster v. Chicago and Northeast Illinois District Council of Carpenters Apprentice and Trainee Program*, 766 F. Supp. 1497, 1507 (N.D.Ill. 1991). Taking all facts and reasonable inferences in the light most favorable to Plaintiff, it is possible that the contract could have been performed within a year. Discovery may bring out additional facts that shed light on the applicability of the statute of frauds, but dismissal at this time under *Rule 12(b)(6)* is inappropriate.

## D.    Unjust Enrichment

The essence of a claim for unjust enrichment is that one party has received a benefit unfairly and that it would be unjust to allow the recipient to retain the enrichment. *Dames & Moore & Baxter & Woodman, Inc.*, 21 F.Supp.2d 817, 827 (N.D. Ill 1998). A claim for unjust enrichment only needs to allege "that there has been unjust retention of a benefit to the plaintiff's detriment." *Id.*

Defendants argue that Plaintiff's unjust enrichment claim is barred because Plaintiff additionally alleges a breach of contract claim. A claim for unjust enrichment is based upon an

9

implied, rather than a specific, contract. Where a specific contract governs the relationship of the parties, "the doctrine of unjust enrichment has no application." *People ex rel. Hartigan v. E&E Hauling, Inc.*,153 Ill. 2d 473, 607 N.E.2d 165, 177, 180 Ill. Dec. 271 (Ill. 1992) (citations and quotations omitted). While Plaintiff is entitled under Federal Rule of Civil Procedure 8(e)(2) to plead the alternative claims of breach of contract and unjust enrichment despite the inconsistency between those claims, Plaintiff's unjust enrichment claim must not include allegations of a specific contract governing the parties relationship. See *Vanguard Fin. Serv. Corp. v. R W Prof'l Leasing Servs. Corp.*, 1998 U.S. Dist. LEXIS 17449, No. 98 C 1741, 1998 WL 774984, at *4 (N.D. Ill. 1998); *Cynthia Cooper and Rapid Transit Products, Inc., v. Durhan School Services a/k/a Robinson Bus Services*, 2003 U.S. Dist. LEXIS 25005, No. 03 C 2431 (N.D. Ill. 2003). Spungen's Complaint comports with alternative pleading theory argument because Spungen specifically alleges, in alternative to the breach of contract claim, that Defendants retained funds obtained for the benefit of the Trust. Indeed, Plaintiff alleges that Defendants unjustly retained funds meant for the Trust. The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. At this stage of the proceedings, the Court has not found facts which may preclude Spungen from establishing an unjust enrichment claim against Defendants.

**E.    Civil Conspiracy**

Defendants argue that Spungen's conspiracy claim is subjected to the heightened specificity requirements of Rule 9(b). Additionally, Defendants argue that the conspiracy claim is duplicative of Spungen's claim of fraud and that a corporation cannot conspire with its own agents. To establish a civil conspiracy a plaintiff must plead facts establishing the following

elements: (1) a combination of two or more persons; (2) for the purpose of accomplishing by some concerted action; and (3) either an unlawful purpose or a lawful purpose by unlawful means. *Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 645 N.E.2d 888, 894, 206 Ill. Dec. 636 (Ill. 1994).

The Seventh Circuit recently held that in order to satisfy federal pleading requirements for a claim of civil conspiracy, the complaint must provide information about the nature of a purported agreement between the Defendants with particular information such as the individuals involved at each company and the approximate time when the agreement was entered. *Borsellino v. Goldman Sachs Gp.*, Inc., -- F.3d --, No. 06-1384, 2007 U.S. App. LEXIS 3691, slip op. at 10 (7th Cir. Feb. 20, 2007). Consequently, when the conspiracy involved is one that is based in fraud; *Rule 9(b)* which is applicable to "averments of fraud," is also applicable to allegations of a conspiracy to commit fraud. See *Borsellino*, 2007 U.S. App. LEXIS 3691, at 6. Accordingly, Spungen's conspiracy allegations must satisfy the heightened pleading standard. Plaintiff's complaint, however, only alleges general allegations of the conspiracy and fails to provide sufficient detail as to terms of any agreement between the Defendants, the approximate time that the agreement was reached or other specifics necessary to satisfy *Rule 9(b)*. Therefore, Count V is dismissed without prejudice. As the Court has dismissed this claim, the Court will not address the arguments of this claim being duplicative or whether a corporation can conspire with its own agents.

## IV.    CONCLUSION

For the aforementioned reasons, Defendants Motion to Dismiss Counts is Granted in part and Denied in part. In particular, the motion to dismiss is DENIED as to Counts I, II, III, IV and

GRANTED as to Count V. Plaintiff is instructed to file an amended complaint consistent with this opinion within 14 days of this Opinion and Order after which this dismissal is with prejudice.

IT IS SO ORDERED.

_4/9/07_
Dated

The Honorable William J. Hibbler
United States District Court